UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| VPR OPERATING, LLC, *et al.*; | § § | Case No. 13-10599 |
| Debtors. | § § § | Jointly Administered |

**DEBTORS' APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF GLOBAL HUNTER SECURITIES, LLC, *NUNC PRO TUNC* TO THE PETITION DATE, AS FINANCIAL ADVISOR AND INVESTMENT BANKER FOR THE DEBTORS; AND DECLARATION OF MICHAEL SCHMIDT IN SUPPORT THEREOF**

NOTICE: THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST FILE A WRITTEN RESPONSE DETAILING YOUR OPPOSITION TO THE RELIEF REQUESTED HEREIN WITHIN TWENTY (20) DAYS FROM THE DATE OF SERVICE. YOU MUST SERVE A COPY OF SUCH WRITTEN RESPONSE UPON THE PERSON WHO SENT YOU THIS PLEADING.

IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY (20) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING HELD.

A TIMELY RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.

VPR Operating, LLC ("VPR"), VPR (OK), LLC ("VPROK"), VPR (NM), LLC ("VPRNM"), and VPR Corp. ("VPRC"), the above-referenced debtors and debtors in possession (collectively, the "Debtors"), hereby submit this application (the "Application") for entry of an order authorizing the Debtors' employment of Global Hunter Securities, LLC ("Global Hunter") as the Debtors' financial advisor and investment banker, *nunc pro tunc* to the Petition Date (as defined below), pursuant to the terms and conditions set forth in this Application and the Declaration of Michael Schmidt (the "Schmidt Declaration") submitted simultaneously herewith. In support of this Application, the Debtors respectfully state as follows:

## I. Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409

## II. Background

A. **General Background Regarding the Debtors**

2. On March 29, 2013 (the "Petition Date"), the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their property as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On April 15, 2013, an official committee of creditors (the "Committee") was appointed in these cases.

4. The Debtors are privately-owned Austin, Texas-based oil and gas companies focused on acquiring and developing assets in the domestic onshore basins of the United States. While the Debtors maintain highly productive properties, a series of unfortunate and unforeseen events, including regulatory complications and missteps by the Debtors' drilling contractors, have prevented the Debtors' business operations from reaching their full potential. Although the Debtors were actively working with a financial advisor to assist them in finding financial or strategic partners or buyers that would alleviate their financial strain, certain of the Debtors' creditors began to exercise remedies that held the Debtors' production proceeds in suspense, crippling their business operations and forcing the Debtors to seek bankruptcy protection.

5. Additional background regarding the Debtors, their business operations, and the events leading up to their bankruptcy filings is set forth in the *Declaration of Robert Pullen in*

*Support of First Day Motions* (the "Pullen Declaration," ECF No. 12), which is incorporated herein by reference.

6. As required by Bankruptcy Rule 2014(a), this Application and the attached supporting Schmidt Declaration set forth: (a) the necessity of Global Hunter's employment; (b) the reasons for selecting Global Hunter as the Debtors' financial advisor and investment banker in connection with these chapter 11 cases; (c) all of Global Hunter's connections, if any, to certain parties-in-interest in these chapter 11 cases; (d) the professional services to be rendered by Global Hunter; and (e) the proposed arrangement between the Debtors and Global Hunter for Global Hunter's compensation.

**B.     Global Hunter's Proposed Retention and Scope of Services**

7. Global Hunter is an investment bank with specialized expertise in providing investment banking and strategic advisory services to the oil and gas sector. On or about April 18, 2013, the Debtors and Global Hunter entered into an agreement, attached as Exhibit C to the Schmidt Declaration (the "Engagement Agreement"), under which Global Hunter agreed to serve as the Debtors' financial advisor and investment banker.

8. Prior to the commencement of their proceedings, the Debtors were working with a different investment bank, Evercore Partners ("Evercore"), to assist them in evaluating potential restructuring alternatives. In the course of evaluating the postpetition retention of an investment banker, the Debtors sought proposals from several investment banking firms (including Evercore) with experience in both oil and gas and bankruptcy transactions. After weighing the proposals and conducting interviews with certain of the investment banking teams, the Debtors determined that Global Hunter had the most experience and presented the best overall value for the estates.

9. The Debtors submit that retention of Global Hunter is necessary and appropriate to allow them to fulfill their duties as Debtors and Debtors-in-Possession and continue their evaluation of potential restructuring alternatives, including (but not limited to) a potential sale of their assets to one or more purchasers, during the crucial first few months of their bankruptcy proceedings.

10. Under the Engagement Agreement, the services that Global Hunter will provide to the Debtors include, without limitation:

   a. Reviewing and analyzing the debtors' businesses and financial projections;

   b. Evaluating the Debtors' strategic and financial alternatives;

   c. Assisting the Debtors in evaluating, structuring, negotiating and implementing potential restructuring transactions;

   d. Assisting the Debtors in preparing descriptive materials to be provided to parties that may participate in potential restructuring transactions;

   e. Developing, updating, and reviewing with the Debtors on an ongoing basis a list of parties that might participate in potential restructuring transactions;

   f. Contacting potential parties for potential restructuring transactions;

   g. Assisting the Debtors with evaluating potential term sheets, indications of interest, letters of intent and other restructuring transaction agreements;

   h. Assisting the Debtors in negotiating agreements and definitive agreements; and

   i. Assisting the Debtors in obtaining Court approval of potential restructuring transactions, including, without limitation, providing testimony and/or other evidence of any or all of the services provided by Global Hunter to the Debtors, including, but not limited to, the steps taken by Global Hunter in contacting potential interested parties and/or evaluating, structuring, negotiating and implementing potential restructuring transactions.

11. The Debtors selected Global Hunter to act as their financial advisor and investment banker due to Global Hunter's expertise and results obtained in similar bankruptcy proceedings, as well as Global Hunter's extensive experience in the oil and gas arena. Global Hunter has stated its desire and willingness to render these and other necessary professional services for the Debtors.

D. **Terms of Proposed Global Hunter Compensation**

12. Global Hunter has agreed to represent the Debtors in exchange for the compensation set forth in the Engagement Agreement. The terms of such arrangements are summarized as follows, which summaries are qualified in all respects by the terms of the Engagement Agreement:

    a. An initial advisory fee of $65,000, payable upon Court approval of Global Hunter's employment;

    b. Upon the closing of a M&A Transaction (as that term is defined in the Engagement Agreement), a M&A fee (the "M&A Fee") equal to two and a half percent (2.5%) of the aggregate consideration received in connection with such M&A Transaction, payable at the closing of such M&A Transaction. If the M&A transaction involves multiple sales of portions of the Debtors' assets, the M&A Fee for any one sale shall be the greater of (i) two and a half percent (2.5%) of the aggregate consideration for such sale; or (ii) $200,000; provided, however, that if three or more sales are consummated, the total amount of M&A Fees payable shall be capped at the greater of (x) two and a half percent (2.5%) of the aggregate consideration for all such sales, or (y) $600,000 for all of the M&A Transactions consummated;

    c. A new capital fee (the "New Capital Fee") equal to three percent (3.0%) for any unsecured or junior debt, one percent (1.0%) for any senior secured debt and six percent (6.0%) for any equity or convertible securities, all computed as a percentage of the gross cash proceeds raised in the case of equity, or the principal amount raised in the case of debt;

    d. In the case of any other transaction or recapitalization, whether specifically described or not, including, but not limited to, a "credit bid" by secured lenders, a minimum fee (the "Minimum Fee") in the amount of $400,000; provided, however, that the Minimum Fee would only be

    payable if the M&A Fee and/or New Capital Fee were not otherwise earned and payable; and

  e. Reimbursement of all reasonable, out-of-pocket expenses in an amount not to exceed $100,000 in the aggregate.

13. The Engagement Agreement also provides that, upon the Court's approval of Global Hunter's employment, the Debtors will provide Global Hunter with a $25,000 advance against expenses subject to reimbursement under the Engagement Agreement.

14. Additionally, as set forth in <u>Exhibit A</u> to the Engagement Agreement, Global Hunter and its affiliates will be indemnified and held harmless, to the fullest extent permitted by law, from and against any losses, claims, damages, liabilities, costs and expenses (including Global Hunter's attorneys' fees) arising out of or relating to Global Hunter's employment by the Debtors, other than losses relating primarily to Global Hunter's fraudulent acts, willful misconduct or gross negligence. These indemnification provisions were fully negotiated between the Debtors and Global Hunter at arms' length, and the Debtors respectfully submit that such indemnification provisions, when viewed in conjunction with the other terms of Global Hunter's proposed retention, are reasonable and in the best interests of the Debtors, their estates, and their creditors.

### III. Relief Requested

15. By this Application, the Debtors seek entry of an order: (i) authorizing the Debtors to retain Global Hunter, *nunc pro tunc* to the Petition Date, as their financial advisor and investment banker, consistent with the terms of the Engagement Agreement, subject to the modifications set forth in the proposed order approving Global Hunter's employment, pursuant to Bankruptcy Code Sections 327(a) and 328(a); (ii) approving the terms of Global Hunter's fee structure pursuant to Bankruptcy Code Section 328(a); and (iii) granting such other and further relief as the Court deems just and proper.

## IV. Basis for Relief

16. Under section 327(a) of the Bankruptcy Code, a debtor in possession may, with the Court's approval, "… employ one or more … professional persons … that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based on reasonable terms and conditions of employment, including a fixed or contingent fee. 11 U.S.C. § 328(a).

### A. Global Hunter's Disinterestedness

17. As set forth in the Schmidt Declaration, to the best of its knowledge, Global Hunter (i) has no connection with the Debtors, their creditors or other parties in interest in these cases, except for those disclosed in the Schmidt Declaration, (ii) does not hold any interest adverse to the Debtors' estates, and (iii) believes it is a "disinterested person" as defined within Section 101(14) of the Bankruptcy Code. Global Hunter will conduct an ongoing review of its files to ensure that it has no conflicts and that no other disqualifying circumstances exist or arise. If any new, material facts or relationships are discovered or arise, Global Hunter will supplement the disclosures in this Application.

18. Global Hunter has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

### B. Reasonableness of Global Hunter's Employment and Compensation

19. The Debtors believe that it is critical to employ Global Hunter to render the services described above. Those services will be essential to allowing the Debtors to continue to evaluate their potential restricting options and develop a restructuring strategy that will maximize

the value of their estates for their creditors. Global Hunter's services will not be duplicative of the services provided by other estate professionals.

20. The Debtors seek approval of the Engagement Agreement and the fee structure contained therein pursuant to Section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtors, with the Court's approval:

> … may employ or authorize the employment of a professional person under Section 327 … of this title … on any reasonable terms and conditions of employment, including on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

21. Moreover, the Fifth Circuit has recognized that Bankruptcy Code Section 328 permits the compensation of professionals, including financial advisors and investment bankers, on more flexible terms that reflect the nature of their services and market conditions:

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

*Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862 (5th Cir. 1997).

22. Notwithstanding the approval of the Engagement Letter under Bankruptcy Code Section 328, Global Hunter intends to seek Court approval for allowance of compensation and reimbursement of expenses, as specified in the Engagement Agreement, pursuant to Section 328 of the Bankruptcy Code.

23. Given the many issues that Global Hunter may confront while serving the Debtors, Global Hunter's commitment to the variable level of time and effort necessary to address each of those issues, and the market prices for Global Hunter's services in similar, out-of-court engagements, the Debtors believe that the fee arrangements set forth in the Engagement Agreement are reasonable under the standards set forth in Section 328 of the Bankruptcy Code. Indeed, similar fixed and contingency fee arrangements in other complex chapter 11 cases have been routinely approved by courts in this Circuit. *See, e.g. In re TXCO Resources Inc.*, Case No. 09-51807 (Bankr. W.D. Tex. Sept. 23, 2009)(order authorizing retention of Global Hunter Securities, LLC as debtors' financial advisor and investment banker on similar terms, with compensation subject to review under Bankruptcy Code Section 328(a)); *In re Crescent Resources, LLC*, Case No. 09-11509 (Bankr. W.D. Tex. July 27, 2009)(authorizing retention of Lazard Feres & Co. as debtors' investment banker on similar terms, pursuant to Bankruptcy Code Section 328(a)).

  **C.** **Modification of Local Rule 2016**

24. Global Hunter's professionals do not maintain time records in connection with the provision of their services. Consequently, the Debtors request that the Court waive the information requirements imposed by Local Bankruptcy Rule 2016 and exempt Global Hunter from providing time records as a condition of receiving the compensation required under the Engagement Agreement. The Debtors submit that cause for such waiver exists here, given the crucial role that Global Hunter will play in the Debtors' restructuring efforts and the absence of available time records to support Global Hunter's efforts.

### D. Indemnity Provisions

25. As set forth in the Engagement Agreement, if this Application is granted, Global Hunter will receive indemnification against certain claims arising out of its engagement in connection with this chapter 11 case, other than claims resulting from Global Hunter's bad faith, gross negligence, or willful misconduct. The Debtors submit that such indemnification is standard in the investment banking industry, and that such indemnification is fair and reasonable given Global Hunter's qualifications and the expectation of other investment bankers in connection with similar undertakings. *See United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.)*, 315 F.3d 217, 234 (3rd Cir. 2003); *In re TXCO Resources Inc.*, Case No. 09-51807 (Bankr. W.D. Tex. Sept. 23, 2009)(order authorizing retention investment banker with similar indemnity protection); *In re Crescent Resources, LLC*, Case No. 09-11509 (Bankr. W.D. Tex. July 27, 2009)(same). Consequently, the Debtors request approval of their proposed indemnification of Global Hunter, consistent with the Engagement Agreement.

### V. Notice

26. The Debtors have served a copy of this Application upon (i) the attached Master Service List, which includes all of the Debtors' secured creditors and the consolidated list of the Debtors' twenty (20) largest unsecured creditors; (ii) the United States Trustee; (iii) those persons who have formally appeared in the Debtors' cases and requested service pursuant to Bankruptcy Rule 2002; and (iv) all applicable governmental agencies, to the extent required by the Bankruptcy Rules and the Local Rules. The Debtors submit that no other or further notice need be provided.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order: (i) authorizing the Debtors to retain Global Hunter, *nunc pro tunc* to the Petition Date, as their

financial advisor and investment banker, consistent with the terms of the Engagement Agreement; (ii) approving the terms of Global Hunter's fee structure pursuant to Bankruptcy Code Section 328(a); and (iii) granting such other and further relief as the Court deems just and proper.

[Remainder of Page Intentionally Left Blank]

DATED: May 1, 2013

Respectfully submitted,

**VPR Operating, LLC.**

By: _____
Name: Robert Pullen
Title: President

## CERTIFICATE OF SERVICE

I certify that on May 1, 2013, a copy of the foregoing document was served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas, and (ii) via facsimile or e-mail, as indicated, on the attached service list.

                                                   */s/ Brian Smith*
                                                   Brian Smith

**In re: VPR Operating, LLC, et al.: Master Service List as of May 1, 2013**

| **Debtors and their Counsel** | | |
|---|---|---|
| In re VPR Operating, LLC, et al.<br>c/o Robert Pullen, President<br>1406 Camp Craft Road, Suite 106<br>Austin, TX 78746 | Patton Boggs LLP<br>c/o Robert W. Jones &<br>Brent McIlwain<br>2000 McKinney Ave, Suite 1700<br>Dallas, TX 75201<br>Fax: (214) 758-1550<br>Email:bmcilwain@pattonboggs.com<br>(via email) | |
| **Prepetition Secured Lenders and Counsel** | | |
| Delfinco, LP<br>510 Feheley Drive<br>King of Prussia, PA 19406 | Cozen O'Connor<br>c/o John T. Carroll, III<br>1201 N. Market Street, Suite 1001<br>Wilmington, DE 19801<br>Fax: (302) 295-2013<br>Email: jcarroll@cozen.com<br>(via email) | |
| Victory Park Credit Opportunities, LP<br>Attn: Scott R. Zemnick<br>227 W. Monroe Street, Suite 3900<br>Chicago, IL 60606 | Hohmann,Taube & Summers, L.L.P.<br>c/o Eric J. Taube<br>100 Congress Ave, 18th Floor<br>Austin, TX 78791<br>Fax: (512) 472-5248<br>Email: erict@hts-law.com<br>(via email) | Hohmann,Taube & Summers, L.L.P.<br>c/o Mark C. Taylor<br>100 Congress Ave, 18th Floor<br>Austin, TX 78791<br>Fax: (512) 472-5248<br>Email: markt@hts-law.com<br>(via email) |
| **DIP Lenders and Counsel** | | |
| Delfinco, LP<br>510 Feheley Drive<br>King of Prussia, PA 19406 | Cozen O'Connor<br>c/o John T. Carroll, III<br>1201 N. Market Street, Suite 1001<br>Wilmington, DE 19801<br>Fax: (302) 295-2013<br>Email: jcarroll@cozen.com<br>(via email) | |
| Victory Park Credit Opportunities, LP, et al.<br>Attn: Scott R. Zemnick<br>227 W. Monroe Street, Suite 3900<br>Chicago, IL 60606 | Hohmann,Taube & Summers, L.L.P.<br>c/o Eric J. Taube<br>100 Congress Ave, 18th Floor<br>Austin, TX 78791<br>Fax: (512) 472-5248<br>Email: erict@hts-law.com<br>(via email) | |
| **Office of the United States Trustee** | | |
| United States Trustee<br>903 San Jacinto, Suite 230<br>Austin, TX 78701<br>Deborah.a.bynum@usdoj.gov<br>(via email) | | |
| **Official Committee of Creditors** | | |
| Brown McCarroll L.L.P.<br>c/o Stephen W. Lemmon<br>111 Congress Avenue, Suite 1400<br>Austin, TX 78701<br>Fax: (512) 479-1101<br>Email:<br>slemmon@brownmccarroll.com<br>(via email) | Brown McCarroll L.L.P.<br>c/o Kell C. Mercer<br>111 Congress Avenue, Suite 1400<br>Austin, TX 78701<br>Fax: (512) 479-1101<br>Email:<br>kmercer@brownmccarroll.com<br>(via email) | |

**In re: VPR Operating, LLC, et al.: Master Service List as of May 1, 2013**

| Consolidated Twenty Largest Unsecured Creditors | | |
|---|---|---|
| Pinpoint Drilling & Directional Services LLC<br>c/o Robert J. Taylor<br>3700 Thanksgiving Tower<br>1601 Elm Street<br>Dallas, TX 75201<br>Email: rtaylor@krcl.com<br>(via email) | Universal Pressure Pumping Inc<br>4510 Lamesa Highway<br>Snyder, TX 79549<br>Phone: 432-221-7027<br>(via first class mail) | PROPETRO SERVICES, INC.<br>c/o David H. Smith<br>c/o Jacob M. Davidson<br>P.O. Box 2796<br>Midland, TX 79702<br>Email: dhs@dgclaw.com<br>Email: jmd@dgclaw.com<br>(via email) |
| Stemcor AG<br>c/o Jay H. Dushkin<br>4615 Southwest Freeway, Suite 600<br>Houston, TX 77027<br>Email: jay@jaydushkin.com<br>(via email) | Professional Directional Enterprises, Inc.<br>c/o William R. Sudela<br>2727 Allen Parkway, Suite 1700<br>Houston, TX 77019<br>Fax: (713) 739-7007<br>Email: wsudela@cjmlaw.com<br>Email: dlong@cjmlaw.com<br>Email: eharris@cjmlaw.com<br>Email: samarmon@cjmlaw.com<br>(via email) | NW OIL SERVICES, LLC<br>c/o Stephen H. Nickey<br>1201 N. Mesa, Suite B<br>El Paso, TX 79902<br>Fax: (915) 351-6901<br>(via Fax) |
| TESCO CORPORATION (US)<br>3993 W. SAM HOUSTON PKWY. N.,<br>SUITE 100<br>HOUSTON, TX 77043<br>Phone: 713-849-5900<br>Fax: 713-359-7001<br>(via Fax) | TanMar Rentals LLC<br>c/o Craig H. Cavalier<br>P.O. Box 270565<br>Houston, TX 77277<br>Fax: (713) 621-4779<br>Email: ccavalier@cavalierlaw.com<br>(via email) | Oil States Energy Services<br>c/o Jason M. Rudd<br>c/o Charles M. Rubio<br>909 Fannin, Suite 1500<br>Houston, TX 77010<br>Email: jrudd@diamondmccarthy.com<br>Email: crubio@diamondmccarthy.com<br>(via email) |
| PAR FIVE ENERGY SERVICES, LLCPO BOX 993ARTESIA, NM 88211<br>Phone: 575-748-1288<br>Fax: 575-748-9029<br>(via Fax) | Tiger of the North Transportation, LLC<br>1614 N Gulf Street<br>Hobbs, NM 88240<br>Phone: 575-393-9917<br>Fax: 575-397-0048<br>(via Fax) | The Artesia Lumber Co.<br>P.O. Box 5564<br>Midland, TX 79704<br>Phone: 432-682-7422<br>Fax: 432-682-6233<br>(via Fax) |
| Gandy Corporation<br>c/o Louis Puccini, Jr.<br>P.O. Box 50700<br>Albuquerque, NM 87181<br>Email: puccinilaw@puccinilaw.com<br>(via email) | Oil Dog Pipe Rentals<br>c/o Stephanie Kaiser<br>Kelly Hart & Hallman LLP<br>201 Main St., Suite 2500<br>Fort Worth, TX 76102<br>Email:<br>Stephanie.kaiser@kellyhart.com<br>katherine.thomas@kellyhart.com<br>(via email) | EMS USA, INC<br>2000 BERING DRIVE, SUITE 600<br>HOUSTON, TX 77057<br>Phone: 713-595-7600<br>Fax: 281-998-0303<br>(via Fax) |
| PATTERSON SERVICES, INC.<br>8032 MAIN ST.<br>HOUMA, LA 70360<br>Phone: 985-851-5541<br>Fax: 855-291-0926<br>(via Fax) | Choice Oilfield Service<br>P O Box 337<br>Lovington, NM 88260<br>Phone: 575-396-3428<br>Fax: 575-396-0155<br>Email: evelyn_jordan69@yahoo.com<br>(via email) | DE LA SIERRA TRUCKING INC.<br>3116 ROSE ROAD<br>HOBBS, NM 88242<br>Phone: 5057380972<br>Fax: 575-738-0973<br>(via Fax) |

| | | |
|---|---|---|
| EUNICE WELL SERVICING, INC<br>PO BOX 1500<br>HOBBS, NM 88241<br>Phone: 575-393-9898<br>Fax: 573-393-9889<br>(via Fax) | ABC Rental Tool Co.<br>DBA CAVALOZ ENERGY INC.<br>P.O. Box 1500<br>Hobbs, NM 88241<br>Phone: 505-394-3155<br>Fax: 575-394-2407<br>(via Fax) | |
| **Governmental Agencies** | | |
| Internal Revenue Service<br>Special Procedures Staff –<br>Insolvency<br>P.O. Box 7346<br>Philadelphia, PA 19101<br>(via first class mail) | United States Attorney<br>601 N.W. Loop 410, Suite 600<br>San Antonio, TX 78216<br>(via first class mail) | United States Attorney<br>Dept of Justice<br>950 Pennsylvania Ave, N.W.<br>Washington, DC 20530<br>(via first class mail) |
| Oklahoma Corporation Commission<br>Jim Thorpe Building<br>2101 N. Lincoln<br>Oklahoma City, OK 73105<br>Fax: 405-521-4150<br>(via first class mail) | New Mexico Oil Conservation Division<br>1220 S. St. Francis Drive<br>Santa Fe, NM 87505<br>Fax: 505-476-3462<br>(via first class mail) | |
| **Notices of Appearance & Other Parties Receiving Notice** | | |
| Sunoco, Inc.<br>c/o Kevin Dunleavy, Chief Counsel<br>1735 Market Street<br>Suite LL, 13th Floor<br>Philadelphia, PA 19103<br>Fax: (866) 769-9424<br>Email: krdunleavy@sunocoinc.com<br>(via email) | Doré Law Group, P.C.<br>c/o Carl Doré, Jr.<br>17171 Park Row, Suite 160<br>Houston, TX 77084<br>Fax: (281) 200-0751<br>Email: carl@dorelawgroup.net<br>Email: lori@dorelawgroup.net<br>(via email) | Kane Russell Coleman & Logan PC<br>3700 Thanksgiving Tower<br>1601 Elm Street<br>Dallas, TX 75201<br>Email: rtaylor@krcl.com<br>(via email) |
| Crady, Jewett & McCulley, LLP<br>c/o William R. Sudela<br>2727 Allen Parkway, Suite 1700<br>Houston, TX 77019<br>Fax: (713) 739-7007<br>Email: wsudela@cjmlaw.com<br>Email: dlong@cjmlaw.com<br>Email: eharris@cjmlaw.com<br>Email: samarmon@cjmlaw.com<br>(via email) | Snow Spence Green LLP<br>c/o Phil F. Snow<br>c/o Holly Hamm<br>2929 Allen Parkway, Suite 4100<br>Houston, TX 77019<br>Fax: (713) 335-4848<br>Email: philsnow@snowspencelaw.com<br>Email: hollyhamm@snowspencelaw.com<br>(via email) | Kemp Smith LLP<br>c/o James W. Brewer<br>P.O. Drawer 2800<br>El Paso, TX 79999-2800<br>Fax: (915) 546-5360<br>Email: jbrewer@kempsmith.com<br>(via email) |
| Baker Hughes Oilfield Operations, Inc.<br>Attn: Christopher J. Ryan<br>P.O. Box 4740<br>Houston, TX 77210<br>(via first class mail) | Smith International, Inc.<br>Attn: James M. Sczudlo<br>c/o Schlumberger Technology Corp.<br>1325 South Dairy Ashford<br>Houston, TX 77077<br>(via first class mail) | Schlumberger Technology Corp.<br>Attn: James M. Sczudlo<br>1325 South Dairy Ashford<br>Houston, TX 77077<br>(via first class mail) |

**In re: VPR Operating, LLC, et al.: Master Service List as of May 1, 2013**

| | | |
|---|---|---|
| Baker & Hostetler LLP<br>c/o Lars H. Fuller<br>303 E. 17th Ave, No 1100<br>Denver, CO 80203<br>Email: lfuller@bakerlaw.com<br>(via email) | Thomas Energy Services LLC<br>Attn: James M. Sczudlo<br>c/o Schlumberger Technology Corp.<br>1325 South Dairy Ashford<br>Houston, TX 77077<br>(via first class mail) | Travis County Tax Assessor<br>c/o Kay D. Brock<br>P.O. Box 1748<br>Austin, TX 78767<br>Fax: (512) 854-4808<br>Email: kay.brock@co.travis.tx.us<br>(via email) |
| Sundance Services, Inc.<br>c/o C. Ashley Ellis<br>Wright Ginsberg Brusilow P.C.<br>14755 Preston Road, Suite 600<br>Dallas, TX 75254<br>Fax: (972) 239-0138<br>Email:<br>bankruptcy@wgblawfirm.com<br>(via email) | J&W Services and Equipment<br>c/o Angelia B. Lee<br>Craig Terrill Hale & Grantham LLP<br>9816 Slide Road, Suite 201<br>Lubbock, TX 79424<br>Fax: (806) 744-2211<br>Email: angelia@cthglawfirm.com<br>(via email) | Ulterra Drilling Technologies, L.P.<br>c/o Mark W. Stout<br>Padfield & Stout, LLP<br>777 Main Street, Suite 1920<br>Fort Worth, TX 76102<br>Fax: (817) 338-1610<br>Email: ms@livepad.com<br>(via email) |